UNITED STATES, Appellee

v

TERRY L. LACEY, Airman Apprentice, U. S. Navy, Appellant

No. 28,688

March 7, 1975

*Lieutenant H. Neil Broder,* JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Thomas L. Earp,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress,* USMC.

## OPINION OF THE COURT

Ferguson, Senior Judge:

We granted review in this case to determine whether the United States Navy Court of Military Review was correct in its determination that the convening authority did not err to the appellant's substantial prejudice by failing to accord him an individualized review of his sentence.

Contrary to his pleas of record, the appellant stands convicted of the violation of a general regulation by possessing marihuana and the larceny of some $154 in United States currency from a fellow sailor, in violation of Articles 92 and 121, Uniform Code of Military Justice, 10 USC §§ 892 and 921. His special court-martial trial, convened at the Naval Air Station, San Diego, California, was heard before a military judge sitting alone.

After the findings of guilty were entered at trial as indicated above, the appellant, in an unsworn statement in extenuation and mitigation, expressed remorse for the larceny, a desire to stay in the naval service, and a determination to avoid the kind of conduct and activity which formed the basis for his instant convictions. Although the military judge thereafter sentenced the appellant to a bad-conduct discharge, confinement at hard labor for 45 days, and

accessory punishments, he was sufficiently impressed with the appellant's statements and record to recommend to the convening authority that the bad-conduct discharge be suspended for the 45 days of adjudged confinement and for 6 months thereafter.

In taking his action on the record approving the sentence as adjudged, the convening authority specifically noted the recommendation of the military judge for suspension but stated:

Larceny, a crime involving moral turpitude, is so prejudicial to good order and discipline that the risk of recurrence strongly dictates removal from the U.S. Navy immediately. Accordingly, the Bad Conduct Discharge is approved without suspension.

At the supervisory authority level, the staff judge advocate also brought the matter of the military judge's recommendation to the attention of that reviewing officer, who likewise ultimately approved without comment the sentence as adjudged and earlier approved by the convening authority.

The appellant asserted before the Court of Military Review that the convening authority's generic statement concerning his reason for not suspending the discharge compels the conclusion that he was bound to approve any adjudged discharge without change, despite other factors which might militate in favor of suspension, solely by virtue of the fact that the appellant was convicted of the crime of larceny. In rejecting this contention, the Court of Military Review held:

In the instant case we find no evidence to rebut the presumption that the convening authority was aware of his responsibility to afford the appellant individual consideration in determining an appropriate sentence. In addition, we are unaware of any requirement for a convening authority to explain in his action on the record the reason—or reasons—for not following a recommendation of members of a court or a trial judge. The fact that the convening authority chose to express his recognition of the seriousness of a larceny offense in the service and the effect of such offenses on good order and discipline, is certainly reasonable under the circumstances of this case. Moreover, we find no evidence to indicate that the convening authority was relying on any predetermined policy to the exclusion of all other factors. . . .

The statement made in the convening authority's action was not required in our opinion, to accomplish a valid action on the record. The fact that the convening authority chose to include it certainly does [not] invalidate his action. The assignment of error is without merit.

At this level, the appellant now submits that the Court of Military Review erred in finding no evidence to rebut the presumption that the convening authority afforded him individualized sentence consideration and that, as reflected by the convening authority's statement in his action, his right to a careful, dispassionate and individualized review of his sentence was impermissibly impinged. In response, the Government counters by arguing that the convening authority's explanation does not indicate that his sentence review was not individualized. But, even assuming that review to be improper, the Government further submits that the appellant has suffered no prejudice.

It is clear, on the one hand, that Article 71(d), UCMJ, 10 USC § 871(d), authorizes a convening authority to "suspend the execution of any sentence, except a death sentence," and that Article 64, UCMJ, 10 USC § 864, provides him with wide discretion in making that and other sentence determinations. In recognition of these broad statutory grants of power, paragraph 84c(4), Manual for Courts-Martial, United States, 1969 (Rev.), accordingly provides that a convening authority need not state in his action "[t]he reasons for the approval, execution, or suspension of all or any part of the sentence."

As long recognized by this Court, however, it is equally clear that the Code also entitles an accused as a matter of right to a careful and individualized review of his sentence by the convening authority. *United States v Scott*, 6

USCMA 650, 20 CMR 366 (1956); *United States v Laurie,* 6 USCMA 478, 20 CMR 194 (1955); *United States v Wise,* 6 USCMA 472, 20 CMR 188 (1955). For it is at this reviewing level that an accused has[1]

> his first and perhaps best opportunity to have his sentence tempered by mercy and to obtain an additional chance to prove his worth to his service, and his country.

In accordance with these well-established principles, we have consistently sought to strike a balance between insuring that an accused receives the type of sentence review to which he is entitled without adopting a rule which would otherwise narrow the power of the convening authority. It is thus only where circumstances exist which indicate that the convening authority has adopted a fixed policy or any inelastic attitude toward the exercise of his discretion in affirming, modifying or suspending a sentence that we have found his review and action not to be in compliance with the Code. In *United States v Wise, supra,* for example, where a convening authority had an announced policy against retaining any individual who had been sentenced to a punitive discharge, we set aside the convening authority's action and ordered a new review and action by a different convening authority. We reached a similar result in *United States v Plummer,* 7 USCMA 630, 23 CMR 94 (1957), where a staff judge advocate had advised a convening authority that a barracks thief must be eliminated from the service even though the surrounding circumstances were such that a civilian court would probably suspend the entire sentence. Most recently, in *United States v Howard,* 23 USCMA 187, 48 CMR 939 (1974), we also concluded that a convening authority was disqualified from reviewing an accused's conviction for drug offenses where that convening authority had published a letter indicating a firm determination to approve the sentences of all drug offenders.

Although the present convening authority was certainly under no obligation to state in his action his reasons for not following the military judge's recommendation to suspend the punitive discharge, the fact remains that he did. In so stating that reason in language which can reasonably lead only to the conclusion that his decision was predicated upon a predetermined policy towards eliminating all those convicted of the crime of larceny, we do not believe that this appellant received the impartial and individualized review of his case to which he was entitled. Where the convening authority's reason for not suspending a punitive discharge is predicated solely upon the fact that it is a larceny case or one involving an offense or offenses of moral turpitude, what we said in *United States v Prince,* 16 USCMA 314, 317, 36 CMR 470, 473 (1966), becomes equally applicable here:

> [W]e necessarily must consider the services' traditional policy against retention of those convicted of thievery and similar crimes. United States v Fowle, supra; United States v Estrada, supra; United States v Plummer, 7 USCMA 630, 28 CMR 94; United States v Littrice, 3 USCMA 487, 13 CMR 43. Undoubtedly, such personnel may frequently prove untrustworthy or, indeed, in most cases, be eminently suitable candidates for separation. At the same time, there is nothing so inherently wrong with these offenders that justifes branding them as unsuitable for restoration to duty as a matter of law.

Having concluded that the convening authority's action affirmatively indicates that the appellant was denied the individualized sentence consideration envisioned by the Code, we must yet resolve the contention of appellate government counsel that the appellant has suffered no prejudice. Although conceding that there is but scarce authority for its position, the Government argues, in effect, that since the supervisory authority would have taken the initial action in the appellant's case had the convening authority been otherwise disqualified, the supervisory authority's approval of

---

[1] United States v Wise, 6 USCMA at 476, 20 CMR at 192.

the sentence now precludes a finding of harm.

We find no merit to this contention of the Government that the appellant has suffered no prejudice. For the Government's position completely ignores the possible influential effect which the action of the convening authority had upon the supervisory authority and the fact that it was at the level of the convening authority where the military judge specifically directed his recommendation and where the appellant had his first and best opportunity to receive suspension.

We accordingly reverse the decision of the Court of Military Review. The record of trial is returned to the Judge Advocate General of the Navy who may order a new review and action by a different convening authority.

Judge COOK concurs.

Judge QUINN did not participate in the decision of this case.